Dear Mr. Domingue:
You have asked this office if an individual may continue to work as a full-time deputy marshal serving the City of Lafayette if elected to the office of Constable, Justice of the Peace Court Ward 8 in Lafayette Parish.
The provisions of the Louisiana Dual Officeholding and Dual Employment Law, R.S. 42:61, et seq., govern our response to your question. The deputy marshal holds "appointive office" for purposes of the dual officeholding law, as defined by R.S. 42:62(2), stating:
 (2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof. (Emphasis added).
The position of deputy marshal is "established. . . . by the. . . . laws of this state" pursuant R.S. 13:1881[1], and the position is appointed by an elected official as R.S. 13:18 *Page 2 
states "the marshal may appoint one or more deputy marshals having the same powers and authority as the marshal. . . . .".
A constable holds local elective office as defined by R.S. 42:62(1)[2]
pursuant to R.S. 13:2583[3]. R.S. 42:63(D) prohibits a local elected official from holding any full-time appointive office, but does not prohibit a local elected official from holding part-time appointive office, absent the applicability of the incompatibility provisions of R.S. 42:64, which we do not find relevant here. R.S. 42:63(D) provides in pertinent part:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold
another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office . . . (Emphasis added).
Note the definitions of "full-time" and "part-time" contained in R.S.42:62(4) and (5):
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full-time. *Page 3 
Again, while a full-time deputy marshal may not also hold the local elective office of constable, the prohibition of R.S. 42:63(D) is inapplicable if the position of deputy marshal is held on a part-time basis. In accord is Attorney General Opinion 96-319, copy attached.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: __________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] R.S. 13:1881 states:
General powers and duties of marshal; deputy marshals
A. The marshal is the executive officer of the court; he shall execute the orders and mandates of the court and execution thereof, and in making arrests and preserving the peace, he has the same powers and author sheriff
B. The marshal may appoint one or more deputy marshals having the same powers and authority as the marshal, but the marshal shall be responsible for their actions. The compensation of the deputy marshals shall be fixed and paid by the governing authorities of the city or parish, or both, where the court is located. The city marshal may use funds available for expenses of his office, including proceeds from costs assessed in criminal matters pursuant to R.S. 13:1899, to pay an amount in excess of the fixed salary or to pay the amount fixed or any portion thereof to deputy marshals or to employ additional deputies. However, nothing herein shall authorize the city marshal to fix or supplement his own salary. In no event shall the salary of any deputy exceed that of his city marshal.
[2] R.S. 42:62(1) states:
"Elective office" means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.
[3] R.S. 13:2583 provides, in pertinent part:
Constables; election; term of office; qualifications
A. (1) There shall be one constable for the court of each justice of the peace in the several parishes of the state. . . . . .
B. A constable shall be elected at the congressional election for terms of six years by the qualified electors within the territorial limits of the justice of the peace ward of the court for which he is elected. He shall take office on the first day of January following the election. *Page 1 
OPINION NUMBER 96-319
78 DUAL OFFICEHOLDING
LSA-R.S. 42:61, et seq.; LSA-R.S. 13:1881; LSA-R.S. 13:1879
Law does not permit full-time deputy marshal to bold local elective office.
Honorable Earl J. Picard Marshal P. 0. Drawer 3344 Lafayette, LA 70502-3344
Dear Marshal Picard,
In response to your request for an opinion of this office, note at the outset that we conclude an individual who holds full-time appointive office may not simultaneously hold local elective office. This legal conclusion is based upon the dictates of the Dual Officeholding and Dual Employment Laws, LSA-R.S. 42:61, et seq., and the prohibitins therein, which pertinently provide:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold
another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added).
The position of deputy marshal is an appointed office (see LSA-R.S.13:1881) while the position of constable constitutes an elected office. (See LSA-R.S. 13:1879). Note that the prohibition extends only to the holding of a full-time appointed office; should the deputy marshal be part-time, the prohibition would be inapplicable. See Attorney General Opinion 95-271, attached.
 Very truly yours,
 RICHARD P. IEYOUB
 ATTORNEY GENERAL
 BY: __________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:ams
OPINION NUMBER 95-271
Mr. Robert Pynes, Ward Marshal City Court of Leesville Ward One P.O. Box 1486 Leesville, LA 71496-1486
Dear Mr. Pynes:
This office is in receipt of your request for an opinion of the Attorney General in regard to the legality of your office hiring an off-duty Leesville City policemen as a part-time deputy marshal. You indicate the salaries for your staff and all operational expenses of the office, are paid from the Marshal's Fund and not by the City of Leesville.
In accordance with R.S. 13:1881 you may appoint deputies to be paid by the governing authority of the City, but you may pay from the office fund sums in excess of the fixed salaries or to employ additional deputies. On this basis we assume the part-time deputy would be an additional deputy that will not be paid by the City.
In regard to dual officeholding, R.S. 42:63(E) provides as follows:
 No person holding a full-time appointed office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
While the position as a city police officer is full-time, the appointment as a deputy marshal is part-time. Accordingly, we do not find a prohibition to the appointment as a part-time deputy marshal under the dual officeholding law. *Page 2 
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
 Sincerely yours,
 RICHARD P. IEYOUB
 Attorney General
 BY: __________________________
 BARBARA B. RUTLEDGE
 Assistant Attorney General
 BBR